IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| AMY JOHNSON in her individual capacity and for and on behalf of THE ESTATE OF KEVIN W. JOHNSON; and FRANCES JOHNSON, an individual,<br><br>    Plaintiffs,<br><br>v.<br><br>EVOLUTION TRANSPORT, INC., a Tennessee Company domiciled in Delaware; and PRIME INSURANCE COMPANY d/b/a PRIME INSURANCE SOLUTIONS, a Utah Company domiciled in Illinois,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER RESOLVING MOTIONS TO STRIKE, REMAND, DISMISS, TRANSFER, AND FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**<br><br>Case No. 2:25-cv-00369-JNP-CMR<br><br>Chief District Judge Jill N. Parrish |

On May 9, 2025, this case was removed from the Third Judicial District Court of the State of Utah to this court. ECF No. 2. There are currently multiple pending motions: a motion to transfer venue by Defendant Evolution Transport, Inc., a motion to remand by Plaintiffs, a motion to strike the First Amended Complaint by Prime Insurance Company, a motion to dismiss filed by Prime Insurance Company, and a motion for leave to file a Second Amended Complaint by Plaintiffs. *See* ECF Nos. 12, 20, 23, 26, 36. For the following reasons, the court denies the motion to strike and grants the motion to remand. It further denies as moot the motion to transfer, the motion to dismiss, and the motion for leave to file a Second Amended Complaint.

## BACKGROUND

The present case has its fair share of procedural complexity. In January of 2025, Plaintiffs

(domiciled in Utah) filed a Utah state civil action against Evolution Transport, Inc., a Tennessee company domiciled in Delaware, and Prime Insurance Company, a Utah company domiciled in Illinois.[1] ECF No. 18 ¶¶ 14, 24. The suit arises out of a vehicle crash that took place in August of 2023 and seeks money damages for the personal injury and death of Kevin W. Johnson. ECF No. 18 ¶¶ 36–38. According to the First Amended Complaint, a driver operating an Evolution Transport semi-trailer truck failed to yield the right of way to Johnson, causing Johnson to collide with the trailer and pass away. *Id.* ¶¶ 41–42. While Evolution Transport owned the semi-trailer truck, Prime Insurance was the insurer. *Id.* ¶ 48.

On October 26, 2023, counsel for the Johnson Family requested a copy of all relevant insurance policies from Prime Insurance. *Id.* ¶ 54. Plaintiffs' counsel renewed this request in an October 27 call with a Snell & Wilmer lawyer, who indicated he represented both Prime Insurance and Evolution Transport.[2] *Id.* ¶ 56. A third request was sent on November 7. *Id.* ¶ 57. Plaintiffs allege that both Defendants indicated on November 22 that they would not produce the insurance policy and provided no basis for the withholding. *Id.* ¶¶ 58–60.

In addition to filing a claim with Prime Insurance, Plaintiffs also filed an underinsured motorist claim with Allstate Insurance Company. *Id.* ¶ 62. In November of 2024, Allstate reached out to Prime Insurance requesting information, including the amount of coverage available under the insurance policy. *Id.* ¶ 63. Plaintiffs allege that Prime Insurance falsely indicated that there was no coverage available under the insurance policy because the policy had expired. *Id.* ¶¶ 64–65.

---

[1] The court generally recites the facts as described in the First Amended Complaint. *See* ECF No. 18.

[2] Defendants are represented by different counsel in the present case.

After Allstate reached out again, Prime Insurance acknowledged its defense and indemnification obligations under the insurance policy but indicated it would not pay any monies to Plaintiffs on their claim based on an accident reconstruction conducted by Prime Insurance. *Id.* ¶¶ 68–70.

After failing to settle their insurance claims, Plaintiffs filed their state complaint against both Evolution Transport and Prime Insurance. *Id.* ¶ 98. In the state complaint, Plaintiffs alleged three causes of action against Prime Insurance: declaratory relief that Prime Insurance is estopped from denying coverage under Colorado, Tennessee, and Utah law. ECF 2-1 ¶¶ 109–117, 148–154, 185–192.

On February 3, 2025, Plaintiffs emailed a copy of the summons and complaint to Defendants' counsel, asking if each would accept service of the same. ECF 18 ¶ 100. When Defendants did not respond, Plaintiffs engaged process servers to effectuate service. *Id.* ¶¶ 101–02. The process server effectuated personal service on Prime Insurance eight days later. *Id.* ¶ 104.

Prime Insurance eventually filed a motion to dismiss in the state case, and Plaintiffs filed a Notice of Voluntary Dismissal of Prime Insurance on April 22, 2025. ECF No. 2 ¶¶ 3, 5. Evolution Transport proceeded to remove the case to this court on May 9, 2025, based on newly-obtained diversity of citizenship. ECF No. 2; *see* 28 U.S.C. § 1332(a).

This court entered a stipulated scheduling order on June 3, 2025, which stated that "Plaintiffs may file an Amended Complaint as a matter of course and by consent of Evolution on or before June 30, 2025. Thereafter, either party may file a motion for leave to amend pleadings or join additional parties as allowed [under] Federal Rules of Civil Procedure." ECF No. 11 at 3.

On June 12, 2025, Evolution Transport filed a motion to transfer venue to the District of Colorado. ECF No. 12. On June 30, Plaintiffs filed their First Amended Complaint. ECF No. 18. In the First Amended Complaint, Plaintiffs re-joined Prime Insurance. *See id.* The First Amended

3

Complaint alleged negligent misrepresentation, civil conspiracy, and abuse of process claims against Prime Insurance. *Id.* ¶¶ 160–184.

That same day, Plaintiffs filed their opposition to the motion to transfer, arguing that transfer was not warranted, that the motion to transfer was improperly based on the now-superseded Original Complaint, and that the case required a remand back to state court for lack of diversity jurisdiction. ECF No. 19 at 2. Also on the same day, Plaintiffs filed their motion to remand. ECF No. 20.

On July 14, Defendants filed their own flurry of motions and responses. First, Prime Insurance filed a motion to strike the First Amended Complaint,[3] arguing that Plaintiffs were required to obtain the consent of Evolution Transport to file an amended complaint and had failed to do so. ECF No. 23 at 2. Prime Insurance also filed a response to the Plaintiffs' motion to remand, arguing that it should be denied because it was contingent on the improperly filed First Amended Complaint. ECF No. 24 at 2.

A week later, Prime Insurance filed a motion to dismiss, arguing in part that Utah law does not allow Plaintiffs to pursue a direct cause of action against Prime Insurance. ECF No. 26 at 5. Finally, on August 7, 2025, Plaintiffs moved for leave to file a Second Amended Complaint, in the event that the court agreed that its First Amended Complaint was improperly filed. ECF No. 36 at 2. All of these motions have been fully briefed.

---

[3] Defendant Evolution Transport filed a notice of joinder of Prime Insurance's motion to strike the First Amended Complaint on July 28. ECF No. 29. To the extent that this notice has been docketed and construed as a motion for joinder, the court GRANTS the motion. *See, e.g.*, *Hartford Cas. Ins. Co. v. Trinity Universal Ins. Co. of Kansas*, No. CV 12-1110 MV/KK, 2015 WL 12720321, at *2 (D.N.M. Apr. 17, 2015).

## ANALYSIS

The court begins with the motion to strike the First Amended Complaint, which implicates Plaintiffs' motion to remand for lack of diversity jurisdiction. As noted, Prime Insurance, joined by Evolution Transport, argues that the First Amended Complaint was filed in violation of the Scheduling Order entered by this court on June 3, 2025. The Scheduling Order stated that "Plaintiffs may file an Amended Complaint as a matter of course and by consent of Evolution on or before June 30, 2025. Thereafter, either party may file a motion for leave to amend pleadings or join additional parties as allowed [under] Federal Rules of Civil Procedure." ECF No. 11 at 3.

In the view of Defendants, the phrase, "as a matter of course and by consent of Evolution," simply encapsulated the requirements of Federal Rule of Civil Procedure 15(a)(2): if a party can no longer amend its pleading as a matter of course, it may only do so by the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). Defendants contend Plaintiffs did not file the amended complaint as a matter of course and did not have Evolution Transport's consent.

Plaintiffs, in response, argue that the language of the Scheduling Order, to which both parties had stipulated, reflected an agreement between the parties that Plaintiffs could file an amended complaint on or before June 30 without additional consent. They argue this phrase, rather than re-creating the Rule 15(a) requirements, created an alternative amendment procedure superseding the default requirements. They similarly argue that it would be "illogical for the parties to negotiate, and the [c]ourt to adopt, an amendment deadline that simply repeated existing federal rules." ECF No. 27 at 3.

The court reads its Scheduling Order to have allowed Plaintiffs to file their First Amended Complaint as a matter of course until June 30. Defendants' argument that the Order simply

recreates Rule 15's existing requirements both ignores important language differences between the Order and Rule 15 and renders much of the relevant provision of the Order superfluous.

First, while Defendants argue the Order "appears to capture" the content of Rule 15(a)(2), it noticeably does not mirror its language. ECF No. 23 at 2. Rule 15(a)(2) states that "[i]n all other cases, a party may amend its pleading only *with* the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2) (emphasis added). The Order, in contrast, states that Plaintiffs "may file an Amended Complaint as a matter of course and *by* consent of Evolution on or before June 30, 2025." ECF No. 11 at 3 (emphasis added). Whereas the use of the word "with," as used in Rule 15, suggests Plaintiffs would need additional consent to file an amended complaint, the inclusion of the word "by" in the stipulated Order suggests that Plaintiffs already obtained consent to file as a matter of course until June 30. Admittedly, Defendants dispute that the parties agreed to Plaintiffs' interpretation of the provision as it was being drafted, and the court has no evidence before it that any such explicit agreement existed. *See* ECF No. 48 (Notice of Supplemental Authority).

But the parties' intent does not necessarily control the interpretation of the court's Scheduling Order. The Scheduling Order was entered by the court, and the court interprets its Scheduling Order based on a plain reading of the text. The phrase in question must be read in context of the entire provision of the Order. The second sentence of the provision specifically states that "[t]hereafter, either party may file a motion for leave to amend pleadings or join additional parties as allowed [under] Federal Rules of Civil Procedure." ECF No. 11 at 3. Rule 15 already allows parties to file an amended pleading with opposing party's consent when not filing as a matter of course. By reading the entire provision of the Order using Defendants' suggested interpretation of the first sentence, the Order would redundantly allow Plaintiffs to file an amended

complaint (1) as a matter of course until June 6 (21 days after the answer was filed on May 16), (2) with Evolution Transport's consent or the court's leave until June 30, and (3) *again* with Evolution Transport's consent or the court's leave thereafter. More simply stated, if "as a matter of course and by consent of Evolution" just served to recreate the requirements of Rule 15(a)(2), the second sentence of the relevant provision would be superfluous. The court thus reads the Scheduling Order to have allowed Plaintiffs to file an amended complaint by June 30 as a matter of course. Accordingly, Plaintiffs' First Amended Complaint complied with the Scheduling Order, and the court denies the motion to strike the complaint.

The court next considers Plaintiffs' motion to remand, which was premised on Prime Insurance being joined as a party by the First Amended Complaint, thereby destroying diversity jurisdiction. Because the First Amended Complaint was properly filed, Plaintiffs' motion to remand is granted as diversity jurisdiction no longer exists.[4] *See Royal Canin U. S. A., Inc. v.*

---

[4] Defendants argue that the court retains jurisdiction to review if Plaintiffs are fraudulently joining Prime Insurance. *See Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (noting fraudulent joinder can be demonstrated by the "inability of the plaintiff to establish a cause of action against the non-diverse party in state court") (citation modified). Defendants bear "a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." *Id.* (citation modified). Here, it appears that the alleged futility of Plaintiffs' negligent misrepresentation and civil conspiracy claims implicates unsettled questions of Utah law. Utah courts have not spoken clearly as to the scope of barred direct action claims in the liability insurance context, including what conduct might give rise to independent tort liability for an insurer. *See, e.g.*, *Savage v. Educators Ins. Co.*, 908 P.2d 862, 866 n.4 (Utah 1995) (stating "we do not foreclose the possibility that [a third-party] claimant could state a cause of action for an independent tort" against an insurer); *County v. Jensen*, 2003 UT App 444, ¶ 15 n.6, 83 P.3d 405 (noting the plaintiff in the case had not alleged "the kind of tort a tortfeasor's insurer might commit against the injured party so as to create a direct action in tort by the injured party against the insurer"). If these two of Plaintiffs' claims are allowed under Utah law, it appears likely that they at minimum "[are] plausible on [their] face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted); *see Price-Orem Inv. Co. v. Rollins, Brown & Gunnell, Inc.* 713 P.2d 55, 59 (Utah 1986) (describing the elements for a negligent misrepresentation claim); *Israel Pagan Est. v. Cannon*, 746 P.2d 785, 790 (Utah Ct. App. 1987) (describing the elements for a civil conspiracy claim).

7

*Wullschleger*, 604 U.S. 22, 38 (2025) ("[I]n removed cases too, amending a complaint to join a non-diverse party destroys diversity jurisdiction. So if such a joinder occurs after removal, the federal court must remand the case to the state court it began in."); *McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008) ("To be sure, if a non-diverse party is added to the complaint at any time prior to final judgment, the case must be remanded to state court.").

As the case must be remanded to the Third Judicial District Court, the court denies as moot Prime Insurance's motion to dismiss the First Amended Complaint, Plaintiffs' motion for leave to file a Second Amended Complaint, and Evolution Transport's motion to transfer.

## CONCLUSION

For the above reasons, the court hereby orders that:

1. Evolution Transport's motion to join Prime Insurance's motion to strike the First Amended Complaint is **GRANTED**. ECF No. 29.

2. Prime Insurance's motion to strike the First Amended Complaint is **DENIED**. ECF No. 23.

3. Plaintiffs' motion to remand is **GRANTED**. ECF No. 20.

4. Prime Insurance's motion to dismiss the First Amended Complaint is **DENIED AS MOOT**. ECF No. 26.

5. Plaintiffs' motion for leave to file a Second Amended Complaint is **DENIED AS MOOT**. ECF No. 36.

6. Evolution Transport's motion to change venue is **DENIED AS MOOT**. ECF No. 12.

Signed December 3, 2025.

BY THE COURT

_____
Jill N. Parrish
United States Chief District Judge